IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                               CASE NO. 1:06-cr-00029-MP-AK

PETER A. ANTON,
EDNA A. ANTON,

     Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 65, Motion to Dismiss for Lack of Jurisdiction, filed by Defendant Peter Anton.  The Government has filed a Response in Opposition to Defendant Peter Anton's motion.  Doc. 66.  An evidentiary hearing was held on Wednesday, February 14, 2007.  At the hearing, Defendant Edna Anton adopted her co-defendant's Motion to Dismiss.  For the following reasons, the Motion to Dismiss is denied.

In his Motion to Dismiss, Defendant Peter Anton contends that he is not a convicted felon under Florida law or under Title 18 U.S.C. § 922(g)(1) or 924(a)(2), and therefore he has committed no offense against the United States of America, thus depriving the Court of jurisdiction.  Section 922(g)(1) provides that it shall be unlawful for a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to receive any firearm which has been shipped or transported in interstate commerce.  What constitutes a felony conviction is "determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 922(a)(20).  Since the predicate offense in the instant case is Defendant Peter Anton's plea of nolo contendere entered to one count of Grand

Theft in the Eighth Judicial Circuit, in and for Levy County, Florida, the law of Florida supplies the meaning of the term "conviction."

The Florida Supreme Court has declared that "the term 'conviction' means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court." State v. Gazda, 257 So.2d 242, 243-244 (Fla. 1971). However, because a plea of *nolo contendere* is not confession of guilt, where adjudication of guilt is withheld, it cannot be considered a "conviction" under Florida law. Garron v. State, 528 So.2d 353, 360 (Fla. 1988). Whereas a guilty plea admits the fact of guilt, a *nolo contendere* plea simply does not contest the charges–it does not serve as an admission. In reviewing Florida law, the Eleventh Circuit stated that "a conviction under Florida law requires either an adjudication of guilt or a guilty plea. . . . [And] a *nolo contendere* plea is 'not the equivalent of a guilty plea.'" United States of America v. Willis, 106 F.3d. 966, 969 (11th Cir.1997). However, the Eleventh Circuit has distinguished Willis, stating that "the holding in Willis would not control a plea of *nolo contendere* followed with an adjudication of guilt, a procedure also permitted the trial court under Florida law." United States v. Drayton, 113 F.3d 1191 (11th Cir. 1997).

Defendant argues that Drayton is inapposite, and limited to its facts. In Drayton, the defendant was convicted in federal court of possession of a firearm by convicted felon under 18 U.S.C. § 922(g)(1), and was sentenced as armed career criminal pursuant to 18 U.S.C. § 924(e). The issue in Drayton was whether a plea of *nolo contendere* followed with an adjudication of guilt could be counted as a prior conviction for purposes of the Armed Career Criminal statute. As in the instant case, the defendant in Drayton cited Willis for the proposition that a *nolo contendere* plea is not a conviction under Florida law. The Eleventh Circuit clarified the issue,

stating that the holding of Willis indicates that a Florida *nolo contendere* plea with an adjudication of guilt is a conviction:

> In Willis, we held that Willis had not been "convicted" of a felony under Florida law because he "pleaded nolo contendere . . . *and adjudication of guilt was withheld.*" We therefore hold that a *nolo contendere* plea where adjudication is not withheld or where there is subsequently an adjudication of guilt is a conviction under Florida law.

Id. at 1193 (internal citation omitted). Rather than limit its decision to the issue of sentencing under the Armed Career Criminal statute, the court in Drayton dealt with the larger issue of defining the term "conviction" under Florida law, finding that Willis itself indicates that "a Florida *nolo contendere* plea *with* an adjudication of guilt is a conviction." Id. For Defendant to argue that Willis controls the instant case and Drayton does not misses the mark, for the Eleventh Circuit read Willis as stating that a *nolo contendere* plea followed with an adjudication of guilt constitutes a conviction under Florida law.

In the instant case, the judgment entered against Defendant Peter Anton states: "The court hereby adjudges you to be guilty of said offense." This is a *nolo contendere* plea followed with an adjudication of guilt–a conviction. However, the judgment withheld imposition of the sentence, conditioned on Defendant's completion of probation. Defendant Peter Anton places great emphasis on the fact that imposition of the sentence was withheld, arguing that without a sentence a conviction cannot exist. Whether a sentence was imposed has no relevancy whatsoever as to whether Defendant Anton was convicted. The Florida Supreme Court has said:

> Our present thought is that one is convicted when the jury returns a verdict of guilty and the judge clinches the finding by adjudicating the guilt though the prisoner may never be punished. How can it be logically said that a man is innocent because he has never been punished? The finding by jury and adjudication by court settle the fact of guilt; the punishment when meted out is simply the penalty for established misconduct.

Weathers v. State, 56 So.2d 536, 538 (Fla. 1952). Therefore, according to the court,

"'conviction' . . . means adjudication of guilt irrespective of sentence." Id.  Thus, the fact that the imposition of Defendant's sentence was withheld is of little weight.  Nor does the fact that Defendant Anton successfully completed probation somehow erase the prior adjudication of guilt.  Defendant Anton chose not to contest the charges against him, and the state court, after determining that a factual basis for the plea existed, adjudged Defendant to be guilty of the charges, thereby convicting him of the offense.  This conviction supplies the basis for the offense charged in the indictment.  Therefore, the Court has jurisdiction.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant Peter Anton's Motion to Dismiss for Lack of Jurisdiction, Doc. 65, is denied.

**DONE AND ORDERED** this   *14th* day of February, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge